IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PEG ROMAINS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:07CV510-LG-JMR** |
| | § | |
| **GRAND CASINOS OF MISSISSIPPI,** | § | |
| **LLC- GULFPORT, D/B/A** | § | |
| **GRAND CASINO(GULFPORT)** | § | **DEFENDANT** |

### ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY HARRAH'S ENTERTAINMENT

**BEFORE THE COURT** is the Motion for Judgment on the Pleadings or Alternatively for Summary Judgment [18], [20] filed by the defendant, Harrah's Entertainment, Inc. The plaintiff did not respond to the Motion. Upon reviewing the Motion and the relevant law, the Court finds that the Motion for Judgment on the Pleadings should be granted and that the Motion for Summary Judgment is moot.

### FACTS

Harrah's was initially named as the defendant in this employment discrimination lawsuit filed by the plaintiff, Peg Romains. However, Romains amended her complaint on February 1, 2008, naming Grand Casino as her employer and the only defendant in the lawsuit. The style of the case does not include Harrah's, and Harrah's is not listed as a party within the body of the Amended Complaint. The only mention of Harrah's in the Amended Complaint is a reference to Grand Casino being taken over by Harrah's around the time of Romains' termination. Romains does not assert any claims against Harrah's in the Amended Complaint. As a result, Harrah's

filed a Motion for Judgment on the Pleadings. Alternatively, Harrah's sought summary judgment, relying on Romains' W-2, which allegedly provides that Grand Casino was her employer.

Romains requested additional time to respond to the Motions, which was granted, and she was allowed until February 15, 2008, to respond. (Text Order dated 2/06/2008). However, Romains did not file a Response to the Motion within the additional time allowed by the Court. As a result, this Court granted Harrah's Motion for Judgment on the Pleadings as unopposed pursuant to Rule 7.2(C)(2) of the *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*. The Court also noted that it was therefore not necessary for the Court to consider the Motion for Summary Judgment or the evidence submitted in support of that alternative motion. However, the Fifth Circuit recently held that a Motion to Dismiss could not be granted as unopposed in the absence of a "clear record of delay or contumacious conduct." *Frey v. Bordis*, 2008 WL 2725503 at *2 (5th Cir. July 14, 2008) (quoting *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006)). As a result, this Court set aside its Order granting the Motion for Judgment on the Pleadings and is now considering the Motion on its merits.

### DISCUSSION

The standard for deciding a Motion for Judgment on the Pleadings is the same as a Rule 12(b)(6) Motion to Dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly*, 127 S. Ct. at 1965.  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

"Generally, an amended complaint supersedes and replaces an original complaint, 'unless the amendment specifically refers to or adopts the earlier pleading.'" *Eubanks v. Parker County Com'rs Court*, 44 F.3d 1004 (5th Cir. Jan. 3, 1995) (quoting *Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1237 (5th Cir. 1978), *vacated on other grounds*, 444 U.S. 959 (1979)).  Since Romains' amended complaint replaced her original Complaint and she did not refer to or adopt the original Complaint in her Amended Complaint, this Court will only consider the claims and allegations made in her Amended Complaint.

The Amended Complaint does not name Harrah's as a defendant and does not state that Harrah's was Romains' employer or that Harrah's committed any of the acts of alleged discrimination described in the Amended Complaint.  Therefore, the Amended Complaint does not state a claim to relief against Harrah's that is plausible on its face. *See Twombly*, 127 S. Ct. at 1974 (2007).  As a result, the Motion for Judgment on the Pleadings is granted, and it is not necessary for the Court to consider Harrah's alternative Motion for Summary Judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Judgment on the Pleadings [18] filed by Harrah's Entertainment, Inc. is **GRANTED**.  Romains' claims against Harrah's Entertainment, Inc., are hereby **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for Summary Judgment [20] filed by Harrah's Entertainment, Inc. is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2008.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              UNITED STATES DISTRICT JUDGE