# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PEG ROMAINS | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:07CV510 LG-JMR |
| | § | |
| GRAND CASINOS OF MISS., LLC - | § | |
| GULFPORT, dba GRAND CASINO | § | |
| (GULFPORT) | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion [38] to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction, filed by Defendant Grand Casinos of Mississippi, LLC - Gulfport. The Plaintiff has filed a response, and the Grand has replied. The Grand moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). After due consideration of the submissions and the relevant law, the Court finds that Plaintiff's Title VII claims were untimely filed, and therefore the Grand is entitled to dismissal.

### FACTS AND PROCEDURAL HISTORY

The Plaintiff, Peg Romains, is a sixty-one year-old, Caucasian female who was employed by the Grand Casino in Gulfport, Mississippi beginning in March 1999. She began in an "Executive Host" position and, after a short period of time, was promoted to "Casino Host Manager" supervising a subordinate staff of sixteen people. Romains conducted a meeting with several of the Casino Hosts on March 25, 2005. As a result of what occurred at the meeting, she was terminated on March 30, 2005.

Romains filed a charge of discrimination on November 7, 2005 with the EEOC, alleging that the Grand terminated her because of her race, age, sex and disability. Ct. R. 41-2 p. 2. A

response came from Harrah's Entertainment, Inc., rather than the Grand. It was identified as "the Statement of Position of Grand Casinos of Mississippi, LLC Gulfport." Ct. R. 41-7, p. 3. After the EEOC's investigation was complete, it issued a Dismissal and Notice of Rights letter on December 27, 2006. The letter, which listed the respondent as "Grand Casino" was received by Romains on January 3, 2007. She filed this lawsuit on March 30, 2007, naming Harrah's Entertainment, Inc. as the defendant, but alleging employment discrimination by Grand Casino in Gulfport, Mississippi.

Harrah's Entertainment filed a timely Answer on July 6, 2007, stating that "it neither is nor was the owner or the operator of the Grand Casino (Gulfport) nor was it the employer of the plaintiff at any time pertinent to the allegations set forth in the Complaint." Ct. R. 2 p. 2. On September 5, 2007, the Court conducted a Case Management Conference and set a deadline for joinder of additional parties or to amend the pleadings on or before October 5, 2007. Ct. R. 8. Plaintiff did not move to amend her complaint to add the Grand as a defendant until October 23, after the deadline had passed. She filed a Revised Motion to Amend Complaint on December 31, 2007, seeking to substitute Grand for Harrah's Entertainment. Ct. R. 14. This Motion was granted, and Plaintiff filed her Amended Complaint on February 1, 2008 naming only the Grand as defendant. Ct. R. 21. The Grand now argues that it is entitled to dismissal under Rules 12(b)(1) and (6) because Romains failed to file her employment discrimination complaint within the 90 days allowed by statute.

DISCUSSION

The Legal Standard:

Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it

is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965-66 (2007). This analysis is generally confined to a review of the complaint and its proper attachments. *Fin. Acquisition Partners v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). However, under Rule 12(b)(1), the Court may find a plausible set of facts by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

Neither of these rules can govern the Court's analysis of the Grand's Motion. The ninety-day deadline for filing a lawsuit in district court after receiving a right to sue letter is not a jurisdictional prerequisite, and therefore the Court's subject matter jurisdiction is not at issue. *Espinoza v. Mo. Pac. RR Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985); *Peters v. Transocean Offshore, Inc.*, 2000 WL 869504, *1 (E.D. La. June 28, 2000). Furthermore, in filing its Motion, the Grand attached a number of documents outside the pleadings. Plaintiff, in turn, also submitted additional documents as evidence for the Court's consideration. Because the Court has considered these documents in determining the issues presented, it will convert the 12(b)(6) motion to one for summary judgment pursuant to FED. R. CIV. P. 56.

<u>The Timeliness of the Complaint</u>:

At issue is whether Romains timely filed her employment discrimination claims in this Court. It is apparent from the record that she did not. Plaintiff named "Grand Casino (Gulfport) as her employer in her EEOC charge, and the evidence provided by the parties establishes that her employer at all times was Grand Casinos of Mississippi, L.L.C. - Gulfport, d/b/a Grand

Casino Gulfport.[1]

The right to sue letter issued by the EEOC was received by Plaintiff on January 3, 2007. The letter names the respondent as "Grand Casino." Plaintiff filed suit on March 30, 2007, the 87th day after receipt of the letter, which was within the 90-day period allowed by 42 U.S.C. § 2000e-5(f)(1). However, Plaintiff did not name the Grand, her employer, as the defendant. Although Grand Casinos of Mississippi, LLC - Gulfport remains a limited liability company in good standing in the State of Mississippi, the plaintiff chose to name Harrah's Entertainment, Inc., as the defendant because it was "the only entity that the Plaintiff could be sure - at the time of the original filing - was a going concern." Ct. R. 41 p. 13.

The ninety-day limitation period is strictly construed. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* (citing *Butler v. Orleans Parish Sch. Bd.,* No. 00-0845, 2001 WL 1135616 (E.D.La. Sept.25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period)). Although the ninety-day filing requirement is not jurisdictional, but is more akin to a statute of limitation, "in the absence of extenuating circumstances, it is a statutory precondition to the maintenance of any action under Title VII in federal court." *Hunter-Reed v. City of Houston,* 244 F. Supp. 2d 733, 739-40 (S.D.Tex. 2003); *see also Taylor,* 296 F.3d at 379. Filing a complaint against an incorrectly named defendant does not satisfy the ninety-day filing requirement. *Daniel v. S.E.S. Dev. Co.*, 703 F. Supp. 601, 603

---

[1] This evidence includes Plaintiff's employment agreement (Ct. R. 39-3), her W-2 Wage and Tax Statement (Ct. R. 39-2), and her severance agreement (Ct. R. 39-4).

(N.D. Tex. 1988).

Plaintiff argues that Harrah's operated the Grand from shortly after her termination until it was destroyed in Hurricane Katrina, and that Harrah's responded to the EEOC's investigation of the Plaintiff's charge of discrimination. According to Plaintiff, she was justified in considering Harrah's to be her employer for purposes of the ninety-day filing requirement of Title VII. She also argues that her amended complaint should relate back to the original complaint pursuant to FED. R. CIV. P. 15. Finally, she urges the application of the doctrines of laches, equitable tolling, and successor liability to excuse her untimely filing.

The Relation Back Doctrine:

> An amended complaint relates back to the date of the original complaint,
>
> when the amendment changes the party or the naming of the party against whom a claim is asserted if . . . the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, *but for the mistake concerning the proper party's identity*.

FED. R. CIV. P. 15(c)(1)(C) (emphasis added). A plaintiff does not make a mistake concerning the proper party's identity when it knows of the proper party's role and existence and chooses to assert claims against another. *See Nelson v. Adams*, 529 U.S. 460, 467 n.1 (2000). The only "proper party" to be named as a defendant in a Title VII employment discrimination case is the employer, and the Plaintiff clearly knew that she had been employed by Grand Casino of Mississippi, L.L.C – Gulfport, and not Harrah's Entertainment, Inc. As noted above, there was no mistake here. Plaintiff intentionally chose to sue Harrah's even though she knew the Grand

was her employer. She cannot now contend that her Amended Complaint should relate back to the date of the original Complaint due to a mistake in the identification of the proper party defendant.

Equitable Tolling and Laches:

With regard to equitable tolling, "[t]he plaintiff bears the burden of demonstrating a factual basis to justify tolling of the limitations period." *Bluitt v. Houston Indep. Sch. Dist.,* 236 F. Supp. 2d 703, 716 (S.D. Tex. 2002) (citing *Hood v. Sears, Roebuck & Co.,* 168 F.3d 231, 232 (5th Cir. 1999)). Generally, "[c]ourts, ... have held that the ninety-day period is subject to equitable tolling when the plaintiff was delayed in filing due to circumstances beyond his control, such as incorrect or ambiguous advice of a court clerk or unclear language in the notice." *Bluitt,* 236 F. Supp. 2d at 717. The Supreme Court in *Baldwin County Welcome Center*, listed some of the circumstances in which equitable tolling of the ninety-day period might be justified: (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led plaintiff to believe that she has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). However, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.* "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id*. at 152.

None of the circumstances justifying equitable tolling exist here. At the time she filed her

complaint, Plaintiff had no indication from the EEOC, Harrah's, the Grand, or the Court that Harrah's, rather than the Grand, should be named defendant. Although Plaintiff puts much emphasis on the fact that Harrah's answered the charges for the Grand, that correspondence was with the EEOC, not Plaintiff. She apparently obtained it through discovery after the case was filed. The EEOC's incidental references to Harrah's could not effect a change in the Grand's status as Plaintiff's employer in any event. Plaintiff candidly admits that she was not misled and was fully aware of who her employer was; she simply chose to name a different entity when she filed suit. Even after she was informed that she had named the wrong entity, she delayed more than three months before attempting to correct her mistake.

"Laches is founded on the notion that equity aids the vigilant and not those who slumber on their rights." *Nat'l Ass'n of Gov't Employees v. City Public Serv. Bd. of San Antonio, Tex*. 40 F.3d 698, 708 (5th Cir. 1994) (citation omitted). Plaintiff's lack of diligence in pursuing the proper party makes the doctrine of laches inapplicable to the facts in this case.

<u>The Successor Liability Doctrine</u>:

The doctrine of successor liability doctrine may allow a court to impose liability on a corporate successor for Title VII violations of the predecessor company. *EEOC v. MacMillam*, 503 F.2d 1086 (6th Cir. 1974); *see also Rojas v. TK Communications, Inc.* 87 F.3d 745 (5th Cir. 1996). The doctrine does not apply here for two reasons. First, Plaintiff has provided no summary judgment evidence tending to demonstrate any of the factors to be considered in

determining whether successor liability should be imposed upon Harrah's.[2]   Second, Plaintiff has filed an amended complaint against Grand Casinos of Mississippi, LLC - Gulfport, only.  The amended compliant makes no claim against, or reference to Harrah's.  An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

CONCLUSION

Plaintiff's Amended Complaint,  naming her employer, Grand Casinos of Mississippi, LLC - Gulfport, was filed beyond the ninety-day filing period for filing an employment discrimination complaint after receiving notice of right to sue.  No equitable reason exists to excuse Plaintiff's delay and allow the case to go forward.  While it is always preferable to resolve Title VII disputes upon the merits, the conclusion of this matter, in this fashion, is compelled by the undisputed facts and applicable law.  Accordingly, the Defendant's Motion to Dismiss, construed as a motion for summary judgment pursuant to FED. R. CIV. P. 56, will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [38] to Dismiss First Amended Complaint, filed by Defendant Grand Casinos of Mississippi, LLC - Gulfport, is

---

[2] Citing *EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1094 (6th Cir. 1974), the court in *Rojas* identified nine factors to be considered in determining whether successor liability should be imposed in a discrimination case.  These factors are:  (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.

**GRANTED**. Plaintiff's claims are **DISMISSED.**

**SO ORDERED AND ADJUDGED** this the 14th day of August, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
